UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DANIELLE MARIE CARTER,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 20-CV-12802<br>Honorable Stephen J. Murphy<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT [ECF NOS. 16, 17]**

Plaintiff Danielle Marie Carter appeals the final decision of defendant Commissioner of Social Security (Commissioner), which denied her application for disability insurance benefits (DIB) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence, and thus **RECOMMENDS** that:

- Carter's motion, ECF No. 16, be **DENIED**;
- the Commissioner's motion, ECF No. 17, be **GRANTED**; and

- the Commissioner's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

I.     **Background**

**A. Carter's Background and Disability Applications**

Born in August 1988, Carter was 28 years old on the alleged disability onset date of February 1, 2017. ECF No. 13, PageID.78, 88. She had past relevant work as a "home health aide". *Id.*, PageID.88. Carter claimed disability from lupus, anxiety, depression, migraines, learning disability, back pain, bipolar disorder, and fibromyalgia. *Id.*, PageID.83, 153.

After a hearing, during which Carter and a vocational expert (VE) testified, the ALJ found Carter not disabled. *Id.*, PageID.76-89, 94-135. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. *Id.*, PageID.47-49. Carter timely filed for judicial review. ECF No. 1.

**B. The ALJ's Application of the Disability Framework Analysis**

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 404.1520(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education, and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 1520(c).

3

Applying this framework, the ALJ concluded that Carter was not disabled. At the first step, he found that Carter had not engaged in substantial gainful activity since the alleged onset date of February 1, 2017. ECF No. 13, PageID.78-79. At the second step, he found that Carter had the severe impairments of generalized anxiety disorder, recurrent major depressive disorder, bipolar disorder, fibromyalgia, lupus, migraine headaches, arthropathy, cervicogenic headaches, degenerative disc disease of the cervical spine, and obesity. *Id.*, PageID.79. Next, the ALJ concluded that none of Carter's impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. *Id.*, PageID.79-82.

Between the third and fourth steps, the ALJ found that Carter had the RFC to perform sedentary work, except

> sit for 6 of 8 hours for 30 minutes at one time; stand/walk for 2 of 8 hours for 10 minutes at one time; can alternate sitting and standing up to 2 times per hour; occasional ramps or stairs with a handrail; no ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling; no hazards (that is unprotected heights or the operational control of dangerous moving machinery); no concentrated exposure to temperature extremes (cold, heat, humidity); frequent handling, fingering, and feeling bilaterally; simple, routine, repetitive tasks (less than constant), not requiring a specific production rate, in a work environment free of fast pace production requirements, involving only simple work-related decisions with few if any workplace changes; moderate noise and light levels as in a light industrial to office setting; off task 8%; one additional 5- minute

4

>   bathroom break; and occasional contact with coworkers, supervisors, and the general public.

*Id.*, PageID.82.  At step four, the ALJ found that Carter cannot perform any past relevant work as a "home health aide."  *Id.*, PageID.88.  At the final step, after considering Carter's age, education, work experience, RFC, and the testimony of the VE, the ALJ determined that there were jobs in significant numbers that Carter could perform, including positions as document preparer, final assembler, and dowel inspector.  *Id.*, PageID.89.

## II.     Analysis

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and conformed with proper legal standards.  *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted).  Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence.  *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Carter argues that the decision of the Commissioner "is not in accordance with the purpose and intent of the Social Security Act…with the law…[or] with substantial evidence." ECF No. 16, PageID.1387. Referring to the pain in her arms, hands, and fingers, as well as her depression, Carter states that "the objective medical evidence confirms the severity of the alleged pain arising out of the conditions and the objectively established medical condition are of such severity that it can reasonably be expected to produce the alleged disabling pain." *Id.*, PageID.1421.

But besides bare assertions that her physical and mental impairments "prevent her from engaging in full range of activities even at the sedentary level," Carter failed to develop her argument or cite a single medical record in support. *Id.* Courts in this circuit routinely treat as waived issues "'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation[.]'" *ECIMOS, LLC v. Nortek Global HVAC, LLC*, 736 F. App'x 577, 583-84 (6th Cir. 2018) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997). And it is not the Court's responsibility to search the record to discover evidence for Carter. "Judges are not like pigs, hunting for truffles that might be buried in the record." *Knight Capital Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 780 n.1 (6th Cir. 2019) (citation and internal quotations omitted). In fact, the Court has no

right to consider and re-weigh all the evidence in the record. See *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014).

Thus, Carter's challenge to the ALJ's decision should be rejected.

### III. Conclusion

For the reasons stated above, the Court **RECOMMENDS** that the Commissioner's motion, ECF No. 17, be **GRANTED**; that Carter's motion, ECF No. 16, be **DENIED**; and that the ALJ's decision be **AFFIRMED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: January 18, 2022

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 18, 2022.

s/Marlena Williams<br>
MARLENA WILLIAMS<br>
Case Manager